In the Matter of the Marriage of

Michael John MARTIN,
*Appellant,*

*and*

Paula Patricia MARTIN,
nka Paula Patricia Cochran,
*Respondent.*

(CV 87-742; CA A67064)

819 P2d 314

Ronald Allen Johnston, Portland, argued the cause for appellant. With him on the brief was Johnston & Augustson, P.C., Portland.

Robert W. Collins, Jr., Pendleton, argued the cause for respondent. With him on the brief was Collins & Collins, Pendleton.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., retired.

### RICHARDSON, P. J.

Father appeals an order modifying the dissolution judgment to award custody of the parties' son to mother. We affirm.

The judgment of dissolution was entered in 1987 and provided for joint custody of the child, with physical custody in mother. Subsequently, the child went to live with father and, in 1989, the parties stipulated to a modification of the judgment to continue joint custody with father having physical custody. In April, 1990, mother moved that sole custody be awarded to her. The court granted her motion and established a visitation schedule. Father appealed, then moved the trial court for a stay of the custody order pending appeal. The motion was denied. Mother subsequently requested temporary child support under ORS 107.105(4), which was allowed. Father's appeal challenges all three orders.

■ Father first argues that mother did not plead or prove a material change of circumstances justifying a change of custody. He also argues that the change in custody to mother was not in the child's best interest. Assuming, without deciding, that it is necessary to plead facts justifying a change of custody, father did not raise that issue below in any fashion. Mother's motion sought a change from joint custody to sole custody by her, and father responded by requesting that he be awarded "sole" custody. When either or both parties seek termination of a joint custody award, that indicates, fairly strongly, that joint custody is no longer viable and must be changed. *See Muffet and Muffet,* 65 Or App 273, 671 P2d 118 (1983). There was a substantial change of circumstances that allowed a change of custody.

■ Father contends that the award of custody to mother was not in the child's best interest. Essentially, he argues that the child's best interest would be served by awarding custody to him. When a joint custody arrangement is not working or is detrimental to the child, it must be changed and custody reposed in one or the other parent. The trial court found, and we concur, that both parties are good parents and that the child would not suffer in the custody of either. Under the circumstances, we accord considerable weight to the trial court's determination. It is doubtful that we could improve on

the decision and would simply be making a different one. *See Rea v. Rea,* 195 Or 252, 245 P2d 884 (1952).

■     Father also assigns error to the denial of his motion to stay the custody decision pending appeal. Because father voluntarily delivered the child to mother before he requested a stay, and because we have affirmed the award of custody, the issue is moot.

■     Father assigns error to the order awarding temporary support to mother. The order was granted pursuant to ORS 107.105, which provides that, if an appeal is taken from a judgment of dissolution, the court may provide in a separate order for temporary support. "No appeal lies from any such temporary order." ORS 107.105(4). Father cannot appeal that order.

Affirmed. Costs, not including attorney fees, to mother.